UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO VIERA REYES, A-074-334-561,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-03600-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement (ICE) and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent has answered the petition. (ECF No. 10.) Petitioner filed a reply. (ECF No. 12.) For the reasons set forth below, the undersigned recommends the petition be denied as moot as to the requested relief in the form of an individualized bond hearing and otherwise denied.

**I. Background**

Petitioner is a native of El Salvador who entered the United States as a child and has been detained in respondents' custody since on or about March 26, 2024. (ECF No. 1, ¶ 24.) Under the petition's allegations, petitioner grew up in Los Angeles amidst unstable conditions, dropped out of school, and joined the MS-13 gang. (Id., ¶ 30.) On or about October 3, 1991, when he was 16 years old, petitioner committed a gang-related murder and attempted robbery, resulting in his conviction and sentence for first degree murder and attempted second degree robbery on

December 9, 1993. (Id.)

Petitioner served 30 years in prison and was found suitable for parole by the California Board of Parole at his parole hearing on October 4, 2023. (ECF No. 1, ¶ 32.) He was released after the decision became final. (Id.) Under the petition's allegations, petitioner rehabilitated himself while in prison, dissociated from MS-13, obtained his High School Equivalency Certificate, and participated in a broad range of programs, being especially active in arts programming. (Id.)

ICE detained petitioner on or about March 26, 2024. (ECF No. 1, ¶33.) On the same day, ICE issued a Final Administrative Removal Order (FARO) under 8 U.S.C. § 1228(b), stating petitioner had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). (Id.)

Petitioner expressed fear of removal to El Salvador, was found to have established a credible fear, and was placed in withholding-only removal proceedings. (ECF No. 1, ¶ 34.)

On July 29, 2024, the immigration judge (IJ) who presided over petitioner's withholding-only proceedings denied his application for withholding or deferral of removal under the Convention Against Torture (CAT). (ECF No. 1, ¶ 35.) Petitioner filed a timely appeal to the Board of Immigration Appeals (BIA) which affirmed the IJ's denial of withholding of removal and CAT protection. (Id., ¶¶ 35, 36.) Petitioner filed a timely pro se petition for review with the Ninth Circuit on November 12, 2024. (Id., ¶ 36.)

In October of 2024, petitioner had a bond hearing before an immigration judge (IJ). (ECF No. 1, ¶ 37.) He alleges the IJ denied bond based primarily on his prior criminal history. (Id.)

The pending petition brings claims as follows: (1) Violation of 8 U.S.C. § 1231(a)(6) (Removal Not Reasonably Foreseeable); (2) Violation of the Fifth Amendment: Substantive Due Process (Punitive and Unreasonable Civil Detention); and (3) Violation of the Fifth Amendment: Procedural Due Process. (ECF No. 1., ¶¶ 104-122.) The petition requests petitioner's release from custody, or, alternately, a hearing conducted by this district court at which respondents must justify detention by clear and convincing evidence, evaluate petitioner's ability to pay in setting any monetary bond, and consider conditions of release to reasonably assure the safety of the community and future appearances. (Id. at 33-34.)

Respondents filed a response opposing each claim and arguing petitioner's continued detention is authorized by 8 U.S.C. § 1231(a)(6) and does not violate due process. (ECF No. 10 at 7-13.)

On June 18, 2026, by way of preliminary injunctive relief, the district court judge assigned to this case ordered that petitioner receive a bond hearing before an IJ. (ECF No. 13.) In granting that relief, the district court judge noted petitioner had been detained for over eighteen months since his last bond hearing, and identified numerous changed circumstances that potentially affect his risk of flight or danger to the community. (Id.)

On June 30, 2026, respondents filed a motion to dismiss, requesting the court dismiss the petition as moot because the court-ordered hearing before an IJ had been held. (ECF No. 15.) Petitioner opposed the motion to dismiss. (ECF No. 15.)

On July 14, 2026, petitioner filed a motion to enforce the preliminary injunction. (ECF No. 16.) After briefing, the district court judge denied the motion to enforce, finding respondents did not violate the court's order in regard to the court-ordered bond hearing, and finding that contentions regarding the weight or sufficiency of the evidence are properly raised to the BIA rather than this district court. (ECF No. 21.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Discussion

### A. 8 U.S.C. § 1231(a)(6)

The parties agree petitioner is detained under 8 U.S.C. § 1231. Under 8 U.S.C. § 1231, noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may

be detained beyond the removal period," id., § 1231(a)(6). Although the text of § 1231 contains no time limit on detention, the Supreme Court has held via the canon of constitutional avoidance that it implicitly contains a limit to a period of detention reasonably necessary to bring about the noncitizen's removal from the United States. Zadvydas, 533 U.S. at 689. The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Id. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Petitioner asserts he "continues to press meritorious defenses against removal before the BIA and the Ninth Circuit, and there is no telling when his case will be definitively resolved." (ECF No. 1., ¶ 110.) Respondents argue petitioner is responsible for extending the course of proceedings by seeking repeated extensions of time for briefing and by initiating multiple proceedings, including the following: an appeal to the BIA to review the IJ's decision (Aug. 1, 2024), followed by a petition in the Ninth Circuit (Nov. 12, 2024); a motion in the BIA to reopen the appeal (Oct. 10, 2025); a second petition in the Ninth Circuit for review the BIA's denial of the first motion to reopen (Jan. 12, 2026); and a second motion in the BIA to reopen the appeal (Dec. 15, 2025). (ECF No. 10 at 4-5.)

In the context of the course of litigation of petitioner's immigration proceedings, petitioner does not provide good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. At this point, petitioner awaits a final decision from the Ninth Circuit on his consolidated petitions for review. (ECF No. 2-2 at 4.) There is no evidence or allegation that his detention has been impacted by a specific barrier to his removal aside from waiting for a decision from the Ninth Circuit on his consolidated petitions for review, or that there has been any irregularity in those proceedings, or any other circumstance providing "good reason" to question the likelihood of his removal pursuant to his FARO. See, e.g., Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008) (explaining the lack of a certain end date for detention, alone, does not render detention indefinite in the sense the Supreme Court found constitutionally problematic in Zadvydas); Cruz Cardenas v. Scott, No. 2:25-CV-00064-TSZ-

GJL, 2025 WL 1533230, at *4 (W.D. Wash. May 9, 2025) (rejecting argument that the petitioner's intent to file additional challenges to his FARO, which would further extend the duration of his detention, sufficed to meet the petitioner's initial burden under Zadvydas). Accordingly, petitioner is not entitled to immediate release under Zadvydas and his detention is authorized by 8 U.S.C. § 1231(a)(6).

**B. Substantive Due Process**

Petitioner claims his continued detention has become punitive and no longer serves the purposes of civil immigration detention which are preventing flight risk and danger to the community. (ECF No. 1, ¶¶ 68-89.) He alleges the poor conditions of his confinement caused a significant delay in diagnosing his prostate cancer. (Id., ¶¶ 43-52.) The delays in care were the subject of a motion for temporary restraining order specific to petitioner by class counsel in a class action officials responsible for administering CCDF in Gomez Ruiz v. ICE, 26-cv-02546-JLT-CDB (E.D. Cal.). (Id., ¶¶ 47-52.) Even after a preliminary injunction issued ordering defendants to ensure adequate health care for detainees at CCDF, petitioner alleges, he still suffers from his conditions of confinement including officials' failure to properly transport him to medical appointments and limited nutritional options. (Id., ¶¶ 53-58.)

The substantive component of the Due Process Clause "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process was provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 301-02 (1993). "The Supreme Court held more than a century ago that civil detention of a removeable noncitizen violates the Constitution if it is punitive." Doe v. Becerra, 732 F. Supp. 3d 1071, 1078 (N.D. Cal. 2024) (citing Wong Wing v. United States, 163 U.S. 228, 237-38 (1896)); see also United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (holding in the criminal context that a substantive due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention is excessive in relation to its regulatory purpose).

In Torres, to evaluate whether a due process violation occurred in the context of a criminal pretrial detainee, the Ninth Circuit weighed the following factors: "(1) the length of the

defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." 995 F.3d at 708. Applying the Torres factors to the context of this case, the undersigned first considers the length of petitioner's immigration detention, the reasons for the delay, and the evidence supporting a conclusion that petitiner presents a danger to the community or a flight risk.

The length of petitioner's immigration detention, at more than two years, is significant and longer than the 21 months the Ninth Circuit found to be "approaching the limits of what due process can tolerate" in the context of a criminal pretrial detainee. Torres, 995 F.3d at 709. In the immigration detention context, however, the Ninth Circuit has upheld detention that lasted 41 months for a petitioner who received three bond hearings during that time and whose detention, like petitioner's, would continue while his petition for review was pending in the Ninth Circuit. See Prieto Romero, 534 F.3d at 1053.

Petitioner acknowledges he has "sought extensions of the briefing schedules in his Ninth Circuit petitions for review [and did] so given the BIA's delay in processing a second motion to reopen addressing the changed circumstances in his case, which could impact the course of his petitions for review." (ECF No. 1, ¶ 75.) The record indicates the reasons for the delay are largely neutral and result from "the fact that proceedings and decisions in immigration court, the BIA, and the Ninth Circuit take time." Doe v. Chestnut, 810 F. Supp. 3d 1169, 1185 (E.D. Cal. 2025).

As to the evidence supporting any conclusion that petitioner presents a danger to the community or a flight risk, petitioner stands convicted as a teenager of a gang-related murder but argues he does not pose a current risk of danger or flight, considering the rehabilitation efforts that led to the California Parole Board's decision, and his delicate health situation as a 51-year-old wheelchair user with stage IV prostate cancer. (ECF No. 1, ¶ 76.) Regardless, petitioner acknowledges past criminal history is relevant evidence to support detention, even though he disagrees with the extent to which the IJ allegedly relied on that evidence. (Id.)

The point at which detention constitutes a due process violation requires a case-by-case analysis. Torres, 995 F.3d at 708. Petitioner's allegations about prior delays in medical care are deeply concerning. However, the facts in the record do not rise to the level of a constitutional

violation necessitating his immediate release, particularly where petitioner alleges he is a member of a provisionally certified class bringing claims under the Fifth Amendment related to his conditions of confinement and has received relief through that litigation. See Shafaq v. Warden, California City Corr. Facility, No. 1:26-CV-00299 JLT SKO, 2026 WL 1785249, at *10 (E.D. Cal. June 22, 2026); Guillermo M.R. v. Albarran, No. 25-CV-05436-RFL, 2026 WL 1486580, at *5 (N.D. Cal. May 27, 2026). Even if considered, petitioner's conditions of confinement "do not strongly factor towards a due process violation[.]" See Rivas Campos v. Chestnut, No. 1:26-CV-01330 DJC SCR, 2026 WL 1816190, at *12 (E.D. Cal. June 24, 2026), report and recommendation adopted sub nom. Campos v. Chestnut, No. 1:26-CV-01330 DJC SCR, 2026 WL 1899541 (E.D. Cal. July 1, 2026).

Detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). The government has an understandable interest in detaining noncitizens to ensure attendance at immigration proceedings, improve public safety, and promote compliance with the immigration laws. See id. at 521; see also Jennings v. Rodriguez, 583 U.S. 281, 286 (2018) (explaining that Congress has authorized immigration officials to detain some classes of noncitizens during the course of certain immigration proceedings to give immigration officials time to determine a noncitizen's status without running the risk of that person absconding or engaging in criminal activity before a final decision can be made). The government has significant interests in detaining noncitizens pending removal and those interests only increase as time passes. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022).

In sum, petitioner is ordered removed and detained under 8 U.S.C. §1231, the reasons for the delay thus far are largely neutral, an IJ found he presents a danger to the community, and petitioner has a criminal history for violent offenses. Petitioner has not shown his detention violates substantive due process.

**C. Procedural Due Process**

On June 18, 2026, the district court judge assigned to this case ordered, by way of preliminary injunctive relief, that petitioner receive a bond hearing before an IJ. (ECF No. 13.) In

addition, as set forth above, the district court judge assigned to this case denied petitioner's subsequent motion to enforce, finding respondents did not violate the court's order in regard to the court-ordered bond hearing, and finding that contentions regarding the weight or sufficiency of the evidence are properly raised to the BIA rather than this district court. (ECF Nos. 16, 21.) On June 30, 2026, respondents filed a motion to dismiss, requesting the court dismiss the petition as moot because the court-ordered hearing before an IJ had been held. (ECF No. 15.)

There is no basis to dismiss the entire petition as moot based on the subsequent bond hearing that was ordered and held. However, the alternate relief petitioner seeks in the form of an individualized bond hearing before an immigration judge has already been granted and the petition is moot as to that specific request. See generally Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (a petition for writ of habeas corpus is deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition).

Petitioner's procedural due process claim is premised on the alleged deprivation of an individualized custody determination. (See ECF No. 1, ¶¶ 119-122.) Such a hearing was already ordered to be provided and was provided. Accordingly, petitioner fails to show he is presently in custody in violation of his right to procedural due process.

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. Respondents' motion to dismiss (ECF No. 14) be denied.
2. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied as moot as to the alternate request for an individualized bond hearing which has already been provided and otherwise denied.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vier3600.mer