UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO VIERA REYES (A-074-334-561),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-03600-DC-CKD (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 14, 22)

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within 14 days. (Doc. No. 22.) On September 1, 2026, Petitioner filed objections to the magistrate judge's findings and recommendation that the petition be dismissed because, as Petitioner asserts: (1) his ongoing detention is no longer authorized under 8 U.S.C. § 1231(a)(6) because there is no significant likelihood of his removal in the reasonably foreseeable future, and (2) his ongoing detention violates substantive due process when analyzed through the factors set forth in *Doe v. Chestnut*, 810 F. Supp. 3d 1169,

/////

1183 (E.D. Cal. 2025).[1] (Doc. No. 23.) On September 14, 2026, Respondents filed a response to Petitioner's objections to the findings and recommendations in which Respondents agree with the magistrate judge's conclusions that Petitioner remains lawfully detained under § 1231(a)(6) and that Petitioner has not established a violation of his right to substantive due process. (Doc. No. 25.) The court has considered the parties' respective arguments.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and will adopt the findings and recommendations in part. Specifically, while the court agrees with the magistrate judge's finding that Petitioner is not entitled to relief on his substantive due process claim, the court declines to adopt the substantive due process analysis. Instead, the court concludes that Petitioner's substantive due process claim fails for the reasons set forth in *Velasquez Mejia*. *See Velasquez Mejia v. Chestnut*, No. 1:26-cv-01958-DC-EFB, 2026 WL 3547340, at *2–3 (E.D. Cal. Nov. 18, 2026) (rejecting application of the *Becerra* factors test in the context of a substantive due process claim for a noncitizen detained under 8 U.S.C. § 1231(a)(6), and finding that the petitioner could not prevail on his substantive due process claim). Moreover, because Petitioner's substantive due process claim fails, and because Petitioner has already received the alternative relief he sought for the violation of his right to procedural due process, the undersigned will grant in part Respondents' motion to dismiss and dismiss the habeas petition as moot. (*See* Doc. Nos. 1, 13, 14, 22.)

Accordingly, IT IS ORDERED that:

1. The findings and recommendations filed August 18, 2026 (Doc. No. 22), are ADOPTED IN PART;
2. Respondents' motion to dismiss (Doc No. 14) is GRANTED IN PART as to Respondents' alternative request that the petition for a writ of habeas corpus be

---

[1] The *Chestnut* factors originated from *Doe v. Becerra*, 723 F. Supp. 3d 688, 692 (N.D. Cal. 2024). *See Chestnut*, 810 F. Supp. 3d at 1183 (discussing, adopting, and applying the *Becerra* factors test).

dismissed as moot;

3. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is DISMISSED for having been rendered moot; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 25, 2026**

Dena Coggins
United States District Judge